# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | Case No. 13-po-01557 |
| **v.** | * | |
| | * | |
| | * | |
| **CEDRIC S. BROWN** | * | |
| | * | |
| | * | |
| **Defendant** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION AND ORDER OF COURT

This case is one of many cases presently pending in this Court in which defendants have filed motions to suppress the results of warrantless blood tests on the basis of the Supreme Court's recent decision in *Missouri v. McNeely*, 569 U.S. ---, 133 S.Ct. 1552 (2013). Evidentiary hearings on the motions to suppress have not yet been scheduled. In this case, Defendant Brown has filed a Motion in Limine to Exclude Toxicology Testimony. The court here considers this limited issue.

In its Supplemental Response to Defendant's Motion to Suppress the Results of Chemical Test, the Government stated that it intends to present expert evidence from a toxicologist at the hearing on the motion to suppress regarding the elimination of alcohol from the bloodstream. The Government asserts that

> The record does not disclose that any such evidence was presented
> to the trial court in *McNeely*. Although the various opinions did
> mention the "biological certainly [sic]" that alcohol in the human body
> dissipates, there was nothing before the trial court – or appellate court –
> to show how quickly such dissipation occurs.

Government's Motion, ECF No. 31 at p. 2.

In fact, such evidence was presented to the trial court in *McNeely*. In announcing the judgment of the Court, Justice Sotomayor discussed the evidence presented to the trial court on the issue of blood alcohol dissipation:

> Testimony before the trial court in this case indicated that the percentage of alcohol in an individual's blood typically decreases by approximately 0.015 percent to 0.02 percent per hour once the alcohol has been fully absorbed.

*McNeely*, 133 S.Ct. at 1560 (*citing* 2012 WL 7687917, J.A. at 47).

At a hearing on the motion to suppress in the trial court, the defendant called Sgt. Blaine Adams of the Missouri State Highway Patrol as a witness. Although Sgt. Adams was not formally qualified and offered as an expert witness, he testified that he had 23 years of service with the Highway Patrol and extensive training and experience in the investigation of DUI cases. In the course of his testimony he stated that it is generally accepted that the elimination rate of alcohol from the bloodstream is usually between .015 to .020 per hour. That testimony was admitted without objection. *See* J.A. at 45-47.

Although *McNeely* was not a unanimous decision, all nine Justices acknowledged and accepted the fact that blood alcohol dissipates over time. Justice Sotomayor was joined in the majority opinion by Justices Scalia, Kennedy, Ginsburg and Kagan. In an opinion concurring in part and dissenting in part, Chief Justice Roberts stated

> Here, in fact, there is not simply a belief that any alcohol in the bloodstream will be destroyed; it is a biological certainty. Alcohol dissipates from the bloodstream at a rate of 0.01 percent to 0.025 percent per hour. Evidence is literally disappearing by the minute.

*McNeely*, 133 S.Ct. at 1570-71 (Roberts, C.J., concurring and dissenting) (citation omitted). The Chief Justice was joined by Justices Breyer and Alito. Finally, in the lone dissenting opinion, Justice Thomas noted

> The human liver eliminates alcohol from the bloodstream at a rate
> of approximately 0.015 percent to 0.020 percent per hour, *ante*, at
> 1560, with some heavy drinkers as high as 0.022 percent per hour,
> Brief for Petitioner 21 (citing medical studies), depending on, among
> other things, a person's sex, weight, body type, and drinking history.
> *Ante*, at 1560 – 1561; Brief for United States as *Amicus Curiae* 23.
> The Court has acknowledged this fact since *Schmerber v. California*,
> 384 U.S. 757, 770, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) ("We are
> told that the percentage of alcohol in the blood begins to diminish
> shortly after drinking stops, as the body functions to eliminate it
> from the system").

*McNeely*, 133 S.Ct. at 1575 (Thomas, J., dissenting)

It has been firmly established and widely accepted that alcohol in the bloodstream dissipates over time. Evidence regarding the rate of elimination was presented to the trial court in *McNeely*. The Supreme Court noted that evidence and accepted it.

Further, the precise numerical rate of dissipation is not relevant in the determination of whether or not exigent circumstances exist to justify the nonconsensual, warrantless blood test in a DUI case. Justice Sotomayor stated

> More precise calculations of the rate at which alcohol dissipates
> depend on various individual characteristics (such as weight, gender,
> and alcohol tolerance) and the circumstances in which the alcohol was
> consumed. See Stripp, Forensic and Clinical Issues in Alcohol
> Analysis, in Forensic Chemistry Handbook 437-441 (L. Kobilinsky
> ed. 2012). *Regardless of the exact elimination rate, it is sufficient for
> our purposes to note that because an individual's alcohol level gradually
> declines soon after he stops drinking, a significant delay in testing will
> negatively affect the probative value of the results.*

*McNeely*, 133 S.Ct. at 1560-61(emphasis added).

The precise rate of elimination would be critical in a case where the government was trying to establish a defendant's blood alcohol level at the time he was driving with the results of a blood test taken sometime thereafter. That is not the case here. The relevant fact in the

3

determination of the issue at hand is the fact that blood alcohol dissipates over time, not the rate at which it dissipates.

The Court does not find that the proffered expert testimony from the toxicologist will be helpful to the Court in understanding the evidence or determining a fact in issue. *See* Fed. R. Evid. 702.

For the reasons stated above, it is this 29th day of August, 2013, by the United States District Court for the District of Maryland hereby ORDERED that the Motion in Limine is **GRANTED** and the proffered testimony from the toxicologist will be excluded at the suppression hearing.

                                        /s/
                              Thomas M. DiGirolamo
                              United States Magistrate Judge

CC:  Hollis R. Weisman, AUSA
       Susan M. Bauer, AFPD